O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LYDIA MARTINEZ,** | NO. EDCV 07-1504-MAN |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| | AND ORDER |
| **MICHAEL J. ASTRUE,** | |
| **Commissioner of Social Security,** | |
| Defendant. | |

Plaintiff filed a Complaint on December 10, 2007, seeking review of the denial by the Social Security Commissioner ("Commissioner") of plaintiff's application for supplemental security income ("SSI"). On August 6, 2008, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties filed a Joint Stipulation on September 16, 2008, in which: plaintiff seeks an order reversing the Commissioner's decision and awarding benefits or, in the alternative, remanding the matter for a new administrative hearing; and defendant seeks an order affirming the Commissioner's decision. The Court has taken the parties' Joint Stipulation under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS AND DECISION**

On January 26, 2005, plaintiff protectively filed an application for SSI. (Administrative Record ("A.R.") 58-60.) Plaintiff alleges an inability to work since February 15, 2003, due to a back injury, lumbar disc disease, arthritis, high blood pressure, diabetes, and a hernia. (A.R. 16, 43, 51, 89.) She has past relevant work experience as a housekeeper. (A.R. 16, 18, 69.)

The Commissioner denied plaintiff's application initially and upon reconsideration. (A.R. 43-48, 51-56.) Thereafter, plaintiff filed a timely written request for hearing, and on May 24, 2007, plaintiff, who was represented by counsel, testified at a hearing before Administrative Law Judge Thomas J. Gaye ("ALJ"). (A.R. 57, 283-94.) On June 21, 2007, the ALJ denied plaintiff's claim, and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision.[1] (A.R. 5-8, 13-19.)

In his written decision, the ALJ found that plaintiff has not engaged in substantial gainful activity since February 15, 2003, plaintiff's alleged disability onset date. (A.R. 15.) The ALJ determined that plaintiff suffers from "severe" low back pain, hypertension, and diabetes, but she does not have any impairment or combination of impairments that meet or medically equal one of the

---

[1] Plaintiff was permitted to submit new evidence to the Appeals Council, *to wit*, a three-page medical opinion form from plaintiff's treating physician, dated May 24, 2007. After consideration of that evidence, the Appeals Council concluded that the new evidence did not provide any basis to overturn the ALJ's decision.

listed impairments in Appendix 1, Subpart P, Regulations No. 4.  (*Id*.) The ALJ found that plaintiff has the residual functional capacity to perform light work, lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk 6 hours in an 8 hour day, and sit 6 hours in an 8 hour day.  (*Id*.)  The ALJ further found that plaintiff's statements concerning the intensity, persistence, and limiting effects of her subjective pain symptoms were not entirely credible.  (A.R. 17-18.)  Accordingly, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, since January 26, 2005, the date the application was filed.  (A.R. 19.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole.  <u>Orn v. Astrue</u>, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (citation omitted).  The "evidence must be more than a mere scintilla but not necessarily a preponderance."  <u>Connett v. Barnhart</u>, 340 F.3d 871, 873 (9th Cir. 2003).  While inferences from the record can constitute substantial evidence, only those "'reasonably drawn from the record'" will suffice.  <u>Widmark v. Barnhart</u>, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that

detracts from the [Commissioner's] conclusion." <u>Desrosiers v. Sec'y of Health and Human Servs.</u>, 846 F.2d 573, 576 (9th Cir. 1988); *see also* <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005).  However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." <u>Orn</u>, 495 F.3d at 630; *see also* <u>Connett</u>, 340 F.3d at 874.  The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* <u>Stout v. Comm'r</u>, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); *see also* <u>Burch</u>, 400 F.3d at 679.

**DISCUSSION**

Plaintiff alleges the following three issues:  (1) whether the ALJ made proper credibility findings; (2) whether the ALJ properly considered the treating physician's opinion; and (3) whether the ALJ posed a complete hypothetical question to the vocational expert.  (Joint Stipulation ("Joint Stip.") at 2.)

**I.   The ALJ Failed To Provide The Requisite Clear And Convincing Reasons For Rejecting Plaintiff's Subjective Pain Testimony.**

Plaintiff alleges that the ALJ erred in his consideration of plaintiff's subjective symptom testimony. (Joint Stip. at 2-4, 7.) For the reasons set forth below, the Court agrees.

Once a disability claimant produces objective evidence of an underlying physical impairment that is reasonably likely to be the source of her subjective symptom(s), all subjective testimony as to the severity of the symptoms must be considered. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 2001)(*en banc*); *see also* 20 C.F.R. § 416.929(a)(explaining how pain and other symptoms are evaluated).  "[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." Robbins, 466 F.3d at 883.  Further, an ALJ may not rely solely on the absence of objective medical evidence supporting the *degree* of pain alleged as a basis for finding that a plaintiff's testimony regarding subjective symptoms is not credible.  Fair v. Bowen, 885 F.2d 597, 601-02 (9th Cir. 1989); Stewart v. Sullivan, 881 F.2d 740, 743-44 (9th Cir. 1989).

Both in her filings with the Commissioner and in her testimony, plaintiff described various subjective symptoms from which she claims to suffer.  Plaintiff complained of "constant, aching, stabbing pain" and "spasm" in her low back.  (A.R. 129.)  She further stated that the pain

radiates from her low back down into her right leg and that she awakens during the night due to low back pain. (*Id.*)  Plaintiff testified that she stopped working due to severe pain in her back, which resulted from an injury she sustained while working as a housekeeper.  (A.R. 90, 290.) Plaintiff stated that she fell backwards cleaning a shower while at work and, as a result, "can't move heavy furniture, make many beds, clean windows, vacuum with a heavy vacuum cleaner, stand for long periods of time, [or] lift heavy objects."  (A.R. 90.)  Plaintiff further stated that she has to take "many breaks when cleaning [her] house [and] at times ha[s] to go lay down and take a pill for the pain. [She] can't clean [her] house all at once; [she] clean[s] a little each day [and] wear[s] a back brace when [she] goes places."  (*Id.*)  Plaintiff also stated that she can wash the dishes and clean her home for "up to one hour," before she has to rest.  (A.R. 108.)  Plaintiff has to "rely on other people to handle heavy objects or clean . . . her home," and her sons "do the errands."  (A.R. 90, 108.)  In addition to back pain, plaintiff stated that she has "chest pains a lot and water in [her] ankles," as well as tingling and burning sensations in her toes.  (A.R. 107, 109.)  Plaintiff further stated that she can only walk approximately 100 yards until she becomes tired and her chest and legs hurt.  (*Id.*)

In his written decision, the ALJ found that plaintiff suffers from "severe" low back pain, hypertension, and diabetes, all of which are medically determinable impairments that reasonably could cause the subjective pain symptoms and attendant limitations about which plaintiff complains.  (A.R. 15.)  However, the ALJ rejected plaintiff's testimony regarding the nature and extent of her pain, setting forth the following

three reasons for doing so: (1) although plaintiff's back pain is evident, her treatment has been essentially routine and/or conservative in nature, and she has not received any injections for her back pain nor has any surgery been recommended by treating sources; (2) plaintiff's description of her daily activities are not limited to the extent one would expect, given her complaints of disabling symptoms and limitations; and (3) the weight of the objective evidence does not support plaintiff's claims of disabling limitations to the degree alleged. (A.R. 18.) When examined in the light of the record as a whole, these reasons do not withstand scrutiny.

First, the ALJ's rejection of plaintiff's subjective complaints of debilitating back pain based, in part, on the fact that plaintiff "has not had any injections for her back pain nor has any surgery been recommended by treating sources," is not a convincing reason to reject plaintiff's credibility and mischaracterizes the record. (A.R. 18.) Viewed in its totality, the record does not support the ALJ's finding that plaintiff's pain treatment has been "conservative" or that plaintiff's treatment history is inconsistent with her claims of disabling pain. Rather, the record reveals that, in addition to undergoing numerous back examinations, nerve tests, MRIs, x-rays, heat treatments, physical therapy sessions, wearing a back brace, and consistently taking several pain medications, plaintiff sought treatment at St. Mary's Hospital for her back pain at which time plaintiff received an "injection for back pain." (A.R. 93-94.) Moreover, there is no substantial evidence in the record to support the ALJ's inference that plaintiff's back pain would be alleviated if she were to secure more aggressive treatment such as additional injections and/or surgery.

The ALJ's finding to the contrary is based on an incomplete, and misleading, review of the record. The ALJ's selective assessment of the evidence does not constitute a clear and convincing reason to reject plaintiff's subjective complaints of disabling pain.

The ALJ's second reason for rejecting plaintiff's subjective symptom testimony -- that plaintiff's ability to engage in limited daily activities is inconsistent with her claims of debilitating symptoms -- is not a convincing basis upon which to reject plaintiff's testimony. (A.R. 18.) The ALJ's casual reference to plaintiff's daily activities to support his adverse credibility finding (A.R. 30) fails to demonstrate how plaintiff's ability to perform basic self-care activities and light household chores translates into the ability to engage in full-time work. *See* Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998)(only if the level of activity were inconsistent with claimant's claimed limitations would these activities have any bearing on claimant's credibility); Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987)(disability claimant need not 'vegetate in dark room' in order to be deemed eligible for benefits); Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990)(daily activities may not be relied upon to support an adverse credibility decision where those activities do not affect the claimant's ability to perform appropriate work activities on an ongoing and daily basis); Fair, 885 F.2d at 602 ("The Social Security Act does not require that an individual be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication.").

Finally, the ALJ's third reason -- that the objective evidence does not support plaintiff's claims of disabling limitations to the degree alleged -- is not a convincing reason to reject plaintiff's credibility. It is well-settled that an ALJ may not discredit a claimant's subjective claims of disabling pain for the sole reason that the alleged degree of pain is not fully supported by objective medical evidence. *See* Fair, 885 F.2d at 601-02; Stewart, 881 F.2d at 743-44. Indeed, in Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986), the Ninth Circuit stated explicitly that excess pain, by definition, is "pain that is not supported by objective medical findings." Thus, the ALJ erred by requiring plaintiff to adduce medical evidence sufficient to corroborate the severity of her alleged pain and other symptoms. *See* Bunnell, 947 F.2d at 346.

Accordingly, the ALJ's rejection of plaintiff's credibility without setting forth clear and convincing reasons for the rejection constitutes reversible error. On remand, the ALJ must provide reasons, if they exist and in accordance with the requisite legal standards, for discrediting plaintiff's pain testimony.

**II. The Appeals Council Failed To Provide Specific And Legitimate Reasons For Disregarding The Opinion Of Plaintiff's Treating Physician, And Remand Is Warranted For Further Development Of This Issue.**

A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Even when the treating physician's opinions are contradicted, "if the ALJ wishes

to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987); *see also* McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989)("broad and vague" reasons for rejecting the treating physician's opinion do not suffice). The ALJ can meet this burden "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Magallanes v. Brown, 881 F.2d 747, 751 (9th Cir. 1989).

Pursuant to 20 C.F.R. § 416.912(e)(1), the Commissioner "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." Thus, the Commissioner has a duty to develop the record in appropriate circumstances. *See* Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)("If the ALJ thought he needed to know the basis of the treating physician's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them.")(citations omitted).

In the present case, the Appeals Council received from plaintiff a timely request for review of the ALJ's decision, along with additional evidence, *to wit*, a three-page Medical Opinion Re: Ability To Do Work-Related Activities (Physical) form, dated May 24, 2007, which was

completed by plaintiff's treating physician, Craig R. Mueller, M.D.[2] (A.R. 9, 280-82.) The Appeals Council made this additional evidence part of the record. (A.R. 9.) In this report, Dr. Mueller opined that plaintiff retains the capacity to lift and carry 20 pounds occasionally and 25 pounds frequently,[3] and sit, stand, or walk for 4 hours in an 8-hour workday, but would need to change positions at will every 15 minutes. (A.R. 280-81.) Dr. Mueller effectively opined that plaintiff retained the capacity to perform a reduced range of light exertional work with a sit/stand/walk option, but that she could not perform the full range of light work as the ALJ concluded. (A.R. 6, 15, 18.)

On September 20, 2007, the Appeals Council denied plaintiff's request for review of the ALJ's decision and rejected Dr. Mueller's opinion as unsupported by evidence, inconsistent with the consultative examination report, and based primarily on a recitation of plaintiff's complaints.[4] (A.R. 6.) Specifically and critically, the Appeals Council concluded that "although Dr. Mueller is [plaintiff's] treating

---

[2] It is unclear to the Court whether the ALJ received this evidence prior to rendering his decision on June 21, 2007. The Court notes that, during the hearing before the ALJ on May 24, 2007, plaintiff sought and was granted a two-week extension of time to submit this evidence from Dr. Mueller. (A.R. 293-94.)

[3] As a general matter, the amount of weight one can *frequently* lift and/or carry is less than the amount of weight one can *occasionally* lift and/or carry. It appears that this readily apparent anomaly in Dr. Mueller's opinion should have prompted the Commissioner to request clarification from Dr. Mueller.

[4] In the Ninth Circuit, when a claimant has submitted additional materials to the Appeals Council in requesting review of the ALJ's decision, the district court may consider the new evidence, "because the Appeals Council addressed [it] in the context of denying [the claimant's] request for review." Harman v. Apfel, 211 F.3d 1172, 1180 (9th Cir.2000)(*citing* Ramirez v. Shalala, 8 F.3d 1449 (9th Cir.1993)).

physician, absent supporting statements or examination findings, his assessment does not provide a basis for changing the Administrative Law Judge's decision (20 C.F.R. 416.927 and 404.929)." (*Id.*)

After reviewing the record as a whole, the Court disagrees with the Appeals Council's conclusion that the additional evidence submitted by plaintiff is insufficient to warrant remanding this matter. First, plaintiff's treating physician's opinion is entitled to great weight, if not controlling weight, and if the Appeals Council required "supporting statements or examination findings" from Dr. Mueller to accord his opinion appropriate weight, then the Appeals Council could have re-contacted, subpoenaed, or submitted further questions to him or could have remanded the matter to the ALJ with instructions to further develop the record on this issue. *See* Magallanes, 881 F.2d at 751 (*quoting* Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)); *see also* Social Security Ruling 96-2p; Smolen, 80 F.3d at 1288. Indeed, as the record shows (A.R. 178-204, 224-66, 280-82), Dr. Mueller clearly is in a position to "know and observe" plaintiff's medical condition over the years as plaintiff has treated with Dr. Mueller regularly and consistently since at least November 2004. *See* Sprague, 812 F.2d at 1230 (treating physician's opinion is given greater weight because he is employed to cure and has a greater opportunity to know and observe the patient as an individual); *see also* Embrey, 849 F.2d at 422 (Commissioner is required to give weight not only to the treating physician's clinical findings and interpretation of test results, but also to his subjective judgments). Viewed as a whole, Dr. Mueller's treatment notes are consistent with his opinion that, given the extent of plaintiff's back injury and attendant limitations, plaintiff retains

the capacity to perform a reduced range of light work with a sit/stand/walk option. (A.R. 280-28.)

Moreover, the Appeals Council's rejection of Dr. Mueller's opinion, because "Dr. Mueller's treatment notes . . . contain primarily a recitation of [plaintiff's] complaints" (A.R. 6), is not a legitimate basis upon which to reject Dr. Mueller's opinion, especially in view of the ALJ's improper rejection of plaintiff's subjective pain complaints, discussed in Section I, *supra*. Invariably, a treating physician relies on a patient's descriptions of the location and intensity of pain, her responses to touch and other stimuli during examination and other types of subjective information in making a diagnosis and in assessing plaintiff's limitations. *Cf.* Sprague, 812 F.2d at 1230. When, as in this case, there is no legal basis for the ALJ's rejection of plaintiff's credibility, the mere fact that a physician has considered plaintiff's subjective reports in forming his medical opinion does not constitute a legitimate basis for discrediting that opinion. *Cf*. Fair, 885 F.2d at 605.

Accordingly, remand is appropriate for further development and clarification of the record with respect to Dr. Mueller's opinion. The ALJ should re-contact Dr. Mueller to obtain "supporting statements or examination findings," if such evidence exists, to provide a proper medical basis upon which the ALJ may render his findings, in accordance with the governing legal standards, as to plaintiff's physical residual functional capacity and ultimate disability determination.

///
///

**III. Until The ALJ Has Properly Considered Plaintiff's Subjective Pain Testimony And The Opinion Of Plaintiff's Treating Physician, The Court Cannot Assess The Adequacy Of The Hypothetical Posed To The Vocational Expert.**

In posing a hypothetical to a vocational expert, the ALJ must accurately reflect all of the claimant's limitations. Embrey, 849 F.2d at 422-24. For the vocational expert's testimony to constitute substantial evidence, the hypothetical question posed must "consider all of the claimant's limitations." Andrews, 53 F.3d at 1044 (holding that hypothetical questions that do not include all of plaintiff's limitations are insufficient and warrant remand).

Here, the hypothetical may be incomplete to the extent that it does not reflect appropriately, in whole or in part, plaintiff's subjective pain testimony or the opinion of Dr. Mueller. On remand, the ALJ should either properly reject plaintiff's pain complaints and/or Dr. Mueller's opinion in accordance with the appropriate legal standards, or the ALJ must incorporate them into the hypothetical posed to the vocational expert.

**IV. Remand Is Required.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman, 211 F.3d at 1175-78. Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an

immediate award of benefits.  *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings").  However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *Id.*

Here, remand is appropriate to allow the ALJ an opportunity to remedy the above-mentioned deficiencies and errors.  *See, e.g.,* Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful); McAllister, 888 F.2d at 603 (remand appropriate to remedy defects in the record).

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

///
///
///
///
///
///
///
///

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 23, 2009

                                          /s/
                                  MARGARET A. NAGLE
                           UNITED STATES MAGISTRATE JUDGE